Elliot Rosenberger (Cal. Bar No. 298837)
Joshua Biletsky (Cal. Bar No. 285438)
Biletsky Rosenberger
7080 Hollywood Blvd., Ste. 1100
Los Angeles, CA 90028
Telephone: (424) 442-9243
Facsimile: (866) 317-2674
er@biletskyrosenberger.com
jb@biletskyrosenberger.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Tamera Ihle, | ) Case No. 8:18-cv-266 |
| | ) |
| Plaintiff, | ) **COMPLAINT AND TRIAL BY** |
| | ) **JURY DEMAND** |
| vs. | ) |
| | ) |
| Performant Recovery, Inc., | ) |
| | ) |
| Defendant. | ) |

**NATURE OF ACTION**

1.     Plaintiff Tamera Ihle ("Plaintiff") brings this action against Defendant Performant Recovery, Inc. ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.*

**JURISDICTION, VENUE, AND STANDING**

2.     This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

4.     "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)).

5.     "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. *See id.* at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA"); *see also Church v. Accretive*

*Health, Inc.*, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

6.     "The FDCPA does create an informational right which did not exist prior to its enactment, and that right is tied to the harm which a consumer may suffer if not provided with that information. Consequently, the deprivation of that information is, in most cases, sufficient to confer Article III standing. That was the law before *Spokeo*, and that law was not based on an erroneous understanding of Article III like the one corrected by *Spokeo*, but by application of well-settled principles of standing jurisprudence which *Spokeo* did not change (and, in fact, upon which *Spokeo* relied)." *Hagy v. Demers & Adams, LLC*, No. 2:11-CV-530, 2017 WL 1134408, at *4 (S.D. Ohio Mar. 27, 2017).

7.     "[N]umerous other courts, including courts in this circuit and from around the country, have rejected *Spokeo*-based standing challenges in the context of FDCPA violations." *Neeley v. Portfolio Recovery Assocs., LLC*, No. 115CV01283RLYMJD, 2017 WL 3311045, at *2 (S.D. Ind. Aug. 2, 2017) (citing *Pogorzelski v. Patenaude & Felix APC*, No. 16-C-1330, 2017 WL 2539782, at *4, 2017 U.S. Dist. LEXIS 89678, at *11 (E.D. Wis. June 12, 2017)) (collecting cases).

8.    "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is *not* a necessary condition."  *Lane*, 2016 WL 3671467 at *4 (emphasis in original).

## THE FAIR DEBT COLLECTION PRACTICES ACT

9.    Congress enacted the FDCPA in order to eliminate "abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1179-80 (9th Cir. 2006) (citing 15 U.S.C. § 1692(e)).

10.    To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).

11.    Strict liability enhances "the remedial nature of the statute," and courts are "to interpret it liberally" to protect consumers.  *Clark*, 460 F.3d at 1176.

12.    In addition, by making available to prevailing consumers both statutory damages and attorneys' fees, Congress "clearly intended that private enforcement actions would be the primary enforcement tool of the Act."  *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982); *see also Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1118 (9th Cir. 2014).

13.  Violations of the FDCPA are assessed under the least sophisticated consumer standard which is "'designed to protect consumers of below average sophistication or intelligence,' or those who are 'uninformed or naïve,' particularly when those individuals are targeted by debt collectors." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (quoting *Duffy v. Landberg*, 215 F.3d 871, 874-75 (8th Cir. 2000)).

14.  "An FDCPA Plaintiff need not even have actually been misled or deceived by the debt collector's representation; instead, liability depends on whether the *hypothetical* 'least sophisticated debtor' likely would be misled." *Tourgeman*, 755 F.3d at 1117-18 (emphasis in original).

15.  "[B]ecause the FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors, it is logical for debt collectors—repeat players likely to be acquainted with the legal standards governing their industry—to bear the brunt of the risk." *Clark*, 460 F.3d at 1171-72; *see also FTC v. Colgate–Palmolive Co.*, 380 U.S. 374, 393 (1965) ("[I]t does not seem unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line.") (internal quotations omitted).

**THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

16.     "California has adopted a state version of the FDCPA, called the Rosenthal Act." *Riggs v. Prober & Raphael,* 681 F.3d 1097, 1100 (9th Cir. 2012).

17.     Like the FDCPA, the purpose of the RFDCPA  is to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title."  Cal. Civ. Code § 1788.1(b).

18.     "The Rosenthal Act mimics or incorporates by reference the FDCPA's requirements . . . and makes available the FDCPA's remedies for violations." *Riggs*, 681 F.3d at 1100.

19.      "[A] plaintiff who recovers under the FDCPA is entitled to damages under the corresponding section of the RFDCPA."   *Costa v. Nat'l Action Fin. Servs.*, 634 F. Supp. 2d 1069, 1077 (E.D. Cal. 2007).

**PARTIES**

20.     Plaintiff is a natural person who at all relevant times resided in the State of California, County of Orange, and City of Huntington Beach.

21.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Cal. Civ. Code § 1788.2(g).

22.    Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(d).

23.    Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).

## FACTUAL ALLEGATIONS

24.    Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than Defendant.

25.    Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal student loan (the "Debt").

26.    Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

27.    Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

28.     In or around the end of May 2017, Defendant placed at least one call to Plaintiff's employer.

29.    Ms. Dena Rodriguez, one of Plaintiff's employer's secretaries, answered the call and asked the nature of the telephone call.

30.    Defendant identified itself as a debt collection agency and asked to speak to Plaintiff.

31.    Ms. Rodriguez then transferred Defendant to Plaintiff.

32.    Defendant has placed multiple calls and left several voicemail messages with Plaintiff's employer which identify Plaintiff by name, identifying itself as a debt collector, and that it was calling with respect to a personal matter.

33.    Defendant did not have Plaintiff's consent, or the express permission of a court of competent jurisdiction to communicate with any person in connection with the collection of the Debt.

34.    Upon information and belief, Defendant has Plaintiff's home address and personal contact information.

35.    Therefore, Defendant's communications with Plaintiff's employer were unauthorized communications with a third party in connection with the collection of the Debt.

36.    Defendant's communications with Plaintiff's employer were not made for the purpose of verifying Plaintiff's employment, locating Plaintiff, or effectuating garnishment.

37.    Defendant's communications with Plaintiff's employer were not necessary to collect the Debt.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(b)

38.    Plaintiff repeats and re-alleges each factual allegation above.

39.    Section 1692c(b) provides that "[e]xcept as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt

collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."  15 U.S.C. § 1692c(b).

40.    "[A] review of section 1692c(b), in connection with the entire statutory scheme, indicates that Congress intended to broadly regulate contact between debt collectors and third parties. . . . Because a narrow interpretation of section 1692c(b) would render other portions of the statute 'superfluous', the court concludes that section 1692c(b) should be broadly interpreted to prohibit a debt collector, in connection with the collection of any debt, from conveying any information relating to a debt to a third party . . . ." *West v. Nationwide Credit*, 998 F. Supp. 742, 644-45 (W.D.N.C. Mar. 9, 1998).

41.    Defendant violated 15 U.S.C. § 1692c(b) by communicating with a third party other than in the manner prescribed by 15 U.S.C. § 1692b *et seq.*, without having received the prior consent of Plaintiff or the express permission of a court of competent jurisdiction, and without it being necessary to effectuate a post-judgment remedy.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

**COUNT II**
**VIOLATION OF CAL. CIV. CODE § 1788.12(a)**

42.   Plaintiff repeats and re-alleges each factual allegation above.

43.   Defendant violated Cal. Civ. Code § 1788.12(a) by communicating with the Plaintiff's employer regarding the Debt without it being necessary to the collection of the debt, and without having Plaintiff's or her attorney's consent in writing for such communication.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated Cal. Civ. Code § 1788.12(a);

b) Awarding Plaintiff statutory damages, pursuant to Cal. Civ. Code § 1788.30(b), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a).

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Civ. Code § 1788.30(c);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

44.   Plaintiff is entitled to and hereby demands a trial by jury.

Dated: February 15, 2018

Respectfully submitted,

/s/ Elliot Rosenberger
Elliot Rosenberger (Cal. Bar No. 298837)
Biletsky Rosenberger
7080 Hollywood Blvd., Ste. 1100
Los Angeles, CA 90028
Telephone: (424) 442-9243
Facsimile: (866) 317-2674
er@biletskyrosenberger.com

/s/ Joshua Biletsky
Joshua Biletsky (Cal. Bar No. 285438)
Biletsky Rosenberger
7080 Hollywood Blvd., Ste. 1100
Los Angeles, CA 90028
Telephone: (424) 442-9243
Facsimile: (866) 317-2674

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

jb@biletskyrosenberger.com

Co-counsel with Thompson Consumer Law Group, PLLC

Correspondence address:

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave D106-618
Mesa, AZ 85206

Attorneys for Plaintiff